UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case Number 07-20222
        Honorable David M. Lawson

RODOLFO MORENO,

        Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION TO CORRECT JUDGMENT**

This matter is before the Court on the defendant's motion to correct the judgment entered against him pursuant to Federal Rule of Criminal Procedure 36 because he contends that he received credit for time served while awaiting sentencing in this case.

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. A clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (internal quotations omitted). Federal Rule of Criminal Procedure 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *United States v. Coleman*, 229 F.3d 1154, 2000 WL 11824600, at *2 (6th Cir. Aug. 15, 2000) (unpublished) (internal quotations omitted). Although Federal Rule of Criminal Procedure 36 authorizes a court to amend a judgment to conform with its expresses sentencing intention, *United States v. Carr*, 421 F.3d 425, 433 (6th Cir. 2005); *United States v. Libby*, 79 F.3d 1149, 1996 WL 117499, at *2 (6th Cir. 1996)

(unpublished) (amending sentence to conform with what had been discussed at the hearing on the defendant's supervised-release violation), it does not authorize "'the amendment of a sentencing order to conform with an *unexpressed* sentencing intention.'" *Carr*, 421 F.3d at 433 (quoting *Robinson*, 368 F.3d at 657 (emphasis in original)).

The defendant was indicted on May 4, 2007 while serving a two-year state sentence. The defendant contends that on June 19, 2007, he was transferred from the Michigan Department of Corrections into the custody of the U.S. Marshal. On June 21, 2007, the defendant was ordered detained on the instant charge. The defendant pleaded guilty, and on February 4, 2008, he was sentenced to 144 months imprisonment. The issue of credit for time served was not addressed during the sentencing hearing. The defendant argues that pursuant to his plea agreement, the government agreed to not oppose the Court's recommendation to the U.S. Bureau of Prisons that the defendant be given credit for the time served from May 5, 2007 to February 4, 2008. The plea agreement, however, does not mention whether the government would oppose a recommendation that the defendant be given credit for time served. The defendant also argues that the absence of a reference in the judgment concerning whether the defendant was to receive credit for time served constitutes a clerical error pursuant to Federal Rule of Criminal Procedure 36. Assuming, *arguendo*, that the Court actually intended to recommend that the defendant receive credit for time served despite the lack of any indication of such an intent, the defendant's request is an attempt to conform the judgment with an unexpressed sentencing intention — exactly the type of error that the Sixth Circuit has held is not correctable under Federal Rule of Criminal Procedure 36. *Carr*, 421 F.3d at 433. Therefore, the defendant's motion to correct the judgment will be denied.

Accordingly, it is **ORDERED** that the defendant's motion to correct judgment [dkt. #248] is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: October 28, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 28, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL

---